IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLINTON HARMON, MARIA E. HARMON, | § § § | |
| *Plaintiffs,* | § § | SA-21-CV-00724-JKP |
| vs. | § § § | |
| TOYO TIRE USA CORP.,  TOYO TIRE HOLDINGS OF AMERICAS INC., NITTO TIRE USA INC.,  AMERICAN TIRE DISTRIBUTORS, INC.,  ATD NEW HOLDINGS, III, INC.,  AMERICAN TIRE DISTRIBUTORS HOLDINGS, INC.,  ACTION LOGISTICS, INC., ACTION LOGISTICS MANAGEMENT, LLC,  ACTION LOGISTICS, L.L.C., BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,  BRIDGESTONE AMERICAS, INC., | § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action are the following motions: Plaintiffs' Opposed Motion to Extend Plaintiffs' Designation of Rebuttal Expert Witnesses [#60], Plaintiffs' Motion for Expedited Telephonic Hearing and/or Ruling on Plaintiffs' Opposed Motion to Extend Plaintiffs' Designation of Rebuttal Expert Witnesses [#61], and Plaintiffs' Opposed Motion for Leave to Extend the Scheduling Order Deadlines in the Third Amended Scheduling Order [#62].  The Court held a hearing on the motions on August 1, 2023, at which counsel for all parties appeared via videoconference.  In resolving the parties' motions, the Court has considered the parties' various responses and replies [#64, #65, #66, #67], their joint advisory [#68], and counsel's arguments at the hearing.  For the reasons that follow, the Court

1

will grant in part Plaintiffs' motion to extend the rebuttal expert designation deadline, dismiss as moot Plaintiffs' motion for an expedited hearing, and grant in part Plaintiffs' motion to extend the remaining scheduling order deadlines.

**Plaintiffs' Motion to Extend Scheduling Order Deadlines.**  Plaintiffs ask the Court to extend the remaining deadlines in the governing Scheduling Order by 150 days (aside from the rebuttal expert designation deadline, which is addressed below).  Per the parties' Joint Advisory and representations at the hearing, Defendants do not oppose this request.  Accordingly, the Court will enter an amended Scheduling Order by separate Order to govern the remainder of this case.  The parties have also requested a June 2024 trial date.  As the Court explained to the parties at the hearing, it is not generally the practice of Judge Pulliam, the District Judge presiding over this case, to set cases for trial prior to the disposition of all dispositive motions.  However, given the length of time this case has been pending, the parties may file a separate motion addressed to Judge Pulliam, requesting he depart from his normal procedures and give the parties a date certain for trial in the summer of 2024.

**Rebuttal Expert Designation Deadline.**  Plaintiffs ask the Court to extend the deadline to designate their rebuttal experts by an additional four weeks beyond the 14-day period allotted in the governing Scheduling Order, making the new deadline for the designation of all rebuttal experts August 23, 2023.  Defendants oppose this request.  Plaintiffs' request is governed by a good cause standard.  *See* Fed. R. Civ. P. 16(b)(4).  To meet the good cause standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline.  *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003).

Plaintiffs have designated eight retained experts in this case—two liability experts (Scott Highfill and Paul Herbert) and six damages experts.  There are three sets of Defendants in this case—the BATO/Toyo Defendants, the American Tire Defendants, and the Action Defendants. Collectively, Defendants have designated thirteen retained experts—five liability experts and eight damages experts.  Plaintiffs clarified at the hearing that they are requesting additional time for Mr. Highfill and Mr. Herbert to review the expert reports of Defendants' five liability experts and prepare and serve any rebuttal expert reports.  Plaintiffs also request an extension of time for Dr. Mercado, one of their damages experts, to prepare and serve a rebuttal expert report. Plaintiffs also request the opportunity to designate a new expert on OSHA regulations to rebut opinions regarding the OSHA non-compliance of Plaintiff Clinton Harmon and his employer contained in the expert report of American Tire Defendants' liability expert, Stephen L. Day.

Plaintiffs have established good cause for a four-week extension of the rebuttal expert designation deadline for the purpose of designating an OSHA expert, as the OSHA compliance opinions contained in Mr. Day's report raise new issues not addressed by Plaintiffs' designated liability experts, specifically that the non-compliance by Plaintiff Clinton Harmon and his employer contributed to the injuries and damages alleged in this case.  Plaintiffs' counsel explained to the Court the difficulties he encountered in attempting to obtain an OSHA expert during the 14-day period and the importance of this expert testimony to address the intersection of OSHA with other liability issues in this case.  Plaintiffs are not permitted to designate any other new rebuttal experts, and their OSHA expert may only opine on the narrow issue of rebutting the opinions of Mr. Day on Plaintiff Clinton Harmon's and his employer's compliance with OSHA as it relates to the accident underlying this suit.  The extension of the rebuttal expert

deadline to designate a new expert will not cause significant prejudice to Defendants if limited to this narrow scope.

The Court will also extend the rebuttal expert deadline to allow Mr. Highfill, Mr. Herbert, and Dr. Mercado to prepare their rebuttal reports.  However, the Court will limit this extension to one week, not the four weeks requested by Plaintiffs.  Given the large number of liability experts designated by Defendants, Plaintiffs have established good cause for a modest extension for Mr. Highfill and Mr. Herbert.  Additionally, Dr. Mercado was ill with COVID-19 during the rebuttal expert designation period and also needs additional time to prepare her rebuttal report.  These extensions will not unduly prejudice Defendants.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion to Extend Plaintiffs' Designation of Rebuttal Expert Witnesses [#60] is **GRANTED IN PART**.

- Plaintiffs may designate one rebuttal expert on OSHA compliance as limited by this Order on or before **August 23, 2023**.

- Plaintiffs must serve any report of the rebuttal opinions of Mr. Highfill, Mr. Herbert, or Dr. Mercado on or before **August 8, 2023**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Expedited Telephonic Hearing and/or Ruling on Plaintiffs' Opposed Motion to Extend Plaintiffs' Designation of Rebuttal Expert Witnesses [#61] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that Plaintiffs' Opposed Motion for Leave to Extend the Scheduling Order Deadlines in the Third Amended Scheduling Order [#62] is **GRANTED IN PART** in accordance with this Order.  The Court will enter a separate Amended Scheduling Order.

**IT IS SO ORDERED.**

SIGNED this 2nd day of August, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE